IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DARIUS HOWELL                                                                                    PLAINTIFF

V.                                              CIVIL NO. 1:12-cv-1090

ROBERT PHILSON, In his individual
Capacity as a Police Officer for the City of
Magnolia, Arkansas                                                                              DEFENDANT

## MEMORANDUM OPINION

Before the Court is Defendant Robert Philson's ("Officer Philson") Motion for Partial Summary Judgment. (ECF No. 8). Plaintiff Darius Howell ("Howell") has filed responses. (ECF No. 13 & 15).[1] Defendant Officer Philson has replied. (ECF No. 14 & 17). The Court finds the matter ripe for consideration. Plaintiff Howell's claims steam from his alleged unlawful and unreasonable seizure.

## BACKGROUND

On August 13, 2009, around 2:00 a.m., the Magnolia Arkansas Police Department received a report that an African-American male, dressed in all black, was attempting to break into a home located at the corner of McNeil and Madison Streets. Officer John Ferguson was dispatched to the scene.

Officer Philson overheard the dispatch and also responded to the location. Once on location, Officer Philson reported to Officer Ferguson that he had observed a suspicious car in the neighborhood immediately before the alleged burglary. The car had remained idle at a stop sign while in the presence of Officer Philson. Officer Philson decided to search the

---

[1] Plaintiff originally filed suit against Officer John Ferguson and the City of Magnolia. However, after Defendants filed their Motion for Summary Judgment, Plaintiff dismissed his claims against Officer Ferguson and the City of Magnolia. (ECF No. 11).

neighborhood for the vehicle to determine whether it had any connection to the burglary. He found the car parked outside a duplex located near the site of the attempted burglary and relayed the location to Officer Ferguson. Officer Ferguson proceeded to the duplex.

According to Howell, the officers knocked on his duplex neighbor's door and asked his neighbor to come outside. (ECF No. 16-1). Howell then made the decision to join his neighbor outside. Howell is an African American male and was wearing all black at the time of the incident. The officers noticed that Howell matched the description of the suspect from the alleged burglary. Officer Philson asked Howell to identify himself but Howell refrained. Howell merely stated, "I'm at home." (ECF No. 16-1).

Howell asserts that he could not otherwise properly identify himself because he had cheese in his mouth when the officers questioned him. *Id.* Additionally, Howell states that he could not show the officers his identification card because he also had cheese in his hands. *Id.* Officer Ferguson told Howell that if he did not identify himself, the officers would arrest him. According to Howell, he remained silent for about ten seconds and had no opportunity to respond before Officer Philson grabbed his arm in an attempt to arrest him. Officer Philson claims that Howell pulled away from him. However, Howell asserts that he did not resist and that Officer Philson threw him off of the porch. *Id.* Howell landed face first on the ground and suffered injuries to his head. Officer Philson also fell from the porch onto the ground. After Howell and Officer Philson fell, Officer Philson handcuffed Howell while he was still on the ground. Officer Philson then escorted Howell to the police car. Howell maintains that he was dragged to the car.

Howell was transported to the hospital where he received several stitches on his face and then to Magnolia Police Department where he was booked and released. Howell received a

citation for loitering and refusing to submit to arrest. The homeowner could not confidently say whether Howell was the person he observed attempting to break into his home

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir.1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported

motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## DISCUSSION

Howell claims that Officer Philson violated his Fourth Amendment rights by: (1) arresting him without probable cause; and (2) using excessive force to make the arrest. Philson maintains that he is entitled to summary judgment because probable cause for the arrest existed and the force used to make the arrest was reasonable. In the alternative, Philson argues that he is entitled to qualified immunity as to both claims.

### A. Probable Cause to Arrest

While Officer Philson maintains that probable cause did exist, he also argues that Plaintiff has failed to properly plead an unlawful seizure claim for lack of probable cause. The Court has also had difficulties deciphering Howell's Complaint, and it is questionable whether he has properly included a probable cause claim. (ECF No. 1). However, even assuming that Howell properly pled a claim for lack of probable cause, the claim fails. Officer Philson had probable cause to arrest Howell.

Probable cause exists if "the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed…an offense" at the time of the arrest. *Hannah v. City of Overland*, 795 F.2d 1385, 1389 (8th Cir. 1986). "[T]he probability, and not a prima facie showing, of criminal activity is the standard of probable cause." *Id*. Probable cause is to be determined upon the objective facts available to the officers at the time of the arrest. *Id.* Officers are not required to conduct a mini-trial before arresting. *Morrison v. United States*, 491 F.2d 344, 346 (8th Cir. 1974). The fact that the person arrested is later found innocent is immaterial. *Pierson v. Ray*, 386 U.S. 547, 555 (1967).

In *Warren v. City of Lincoln*, the Eighth Circuit found that probable existed under facts similar to this case. 864 F.2d 1436, 1441 (8th Cir. 1989). In *Warren*, a man reported to an officer that a slender white male wearing a white short-sleeved shirt tried to gain entry into his apartment. *Id.* at 1440. An officer put his tracking dog on the intruder's scent, and the dog led officers to the suspect's car. *Id.* The car was parked only four and one-half blocks east of the scene of the attempted burglary, and the suspect in the car matched the man's description. *Id.* He was a slender white male who was wearing a light-colored, short-sleeved shirt. *Id.* When officers approached the suspect's car, the suspect attempted to drive away. *Id.* The suspect was never prosecuted for the burglary. *Id.* at 1442. Based on the facts and circumstances presented to the officers, the Court found that probable cause existed.

Here, similar to *Warren*, the facts and circumstances presented to Officer Philson when he encountered Howell provided him with probable cause to arrest. Shortly before the incident, Officer Philson was present in the neighborhood where the attempted burglary occurred and observed a car remain idle at a stop sign while in his presence. When he heard the dispatch, he searched the neighborhood for the vehicle and found the car parked near the location of the attempted burglary—outside Howell's residence. Officer Philson then led Officer Ferguson to the residence. The officers noticed that Howell met the description of the suspect. Like the suspect, Howell is an African American male, and he was dressed in all black. When the officers asked Howell for his name and his identification card, Howell did not identify himself. When the officers could not ascertain Howell's identity, Officer Philson then arrested Howell. Under these facts, Officer Philson reasonably believed that Howell had committed an offense. Thus, Officer Philson had probable cause to arrest Howell. Accordingly, summary judgment in favor of Officer Philson is appropriate as to Howell's probable cause claim.

B.  Excessive Force

Howell asserts that Officer Philson used excessive force when he threw Howell off the porch.  Officer Philson denies that he used unnecessary force against Howell and asserts that Howell caused his own injuries when he resisted arrest.  Excessive force claims are analyzed under the Fourth Amendment, applying its reasonableness standard.  *Graham*, 490 U.S. at 396. [2]

To determine whether the force used to effectuate a particular seizure is "reasonable," a court must carefully balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interest at stake."  *Id.*   Further, a court must pay careful attention to "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting or attempting to evade flight."  *Id.* Reasonableness is determined from the perspective of a "reasonable officer on the scene, rather than with 20/20 vision of hindsight."  *Id.*  Additionally, "[n]ot every push or shove, even if it later seems unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Id.* at 396.  The Supreme Court has long recognized the right to make an arrest necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.  *Id.*

In viewing the facts in the light most favorable to Howell, the Court finds that genuine issues of material fact exist as to whether Officer Philson's use of force was objectively reasonable as a matter of law.  Howell asserts that he did not resist the arrest before Officer Philson threw him off the porch.  However, Officer Philson claims Howell caused the fall off the porch because he pulled away from Officer Philson during the arrest.  Office Philson concedes in

---

[2] In his Complaint, Howell asserts that Office Philson violated his Fourteenth Amendment rights by arresting him with excessive force.  (ECF No. 1).  The Supreme Court has explicitly stated that "*all* claims that law enforcement officers have used excessive force...in the course of an arrest... of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (emphasis in original).

his motion that "there is likely an issue of material for trial" on whether he used excessive force while arresting Howell. (ECF No. 8). In light of this disputed fact, the Court cannot conclude that Officer Philson's use of force was reasonable as a matter of law.

### C. Qualified Immunity

Officer Philson claims he is entitled to qualified immunity on both Fourth Amendment claims. Qualified immunity shields government officials from liability in a section 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. *Hope v. Pelzer*, 536 U.S. 730, 752 (2002); *Harlow v. Fitzgerald*, 457 U.S 800, 818 (1982); *Henderson v. Munn*, 439 F.3d 497, 501 (8th Cir. 2006). A qualified immunity analysis involves a two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right; and (2) whether the right was clearly established at the time of the defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 223 (2009); *see also Pearson v. Callahan*, 555 U.S. 223 (2009) (holding that courts may exercise their discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first). The Court will now analyze qualified immunity for both of Howell's Fourth Amendment claims.

#### 1. Probable Cause to Arrest

The Court has determined that Officer Philson had probable cause to arrest Howell; thus Howell's constitutional rights were not violated by the arrest. The Court need not proceed to the second inquiry. Officer Philson is entitled to qualified immunity on this claim.

#### 2. Excessive Force

The Court has determined that Officer Philson's use of force cannot be considered reasonable as a matter of law. Thus, the Court concludes that there is a genuine issue of material

fact as to whether Officer Philson violated Howell's constitutional rights. Accordingly, the court will proceed to the second inquiry of qualified immunity—whether the right violated was clearly established. *See Graham*, 490 U.S. at 394.

At the time of Officer Philson's encounter with Howell, the right to be free from excessive force in the context of an arrest was clearly established under the Fourth Amendment. *See Guite v. Wright*, 147 F.3d 747, 750 (8th Cir. 1998); *see also Smith v. Kansas City*, 586 F.3d 576, 582 (8th Cir. 2009) (declining qualified immunity when an officer caused a suspect to fall onto a concrete walkway even though the suspect was not resisting arrest); *Samuleson v. City of New Ulm*, 455 F.3d 871, 875-76 (2006) (denying qualified immunity where officers violently removed a homeowner from his property even though he was not resisting arrest). Thus, the Court must deny Officer Philson qualified immunity on the excessive force claim.

## CONCLUSION

To the extent that Plaintiff pled an unlawful seizure claim for lack of probable cause, Defendant's Motion for Partial Summary Judgment (ECF No. 8) is **GRANTED**, and the claim is therefore **DISMISSED WITH PREJUDICE**.

Defendant's Motion for Partial Summary Judgment (ECF No. 8) is **DENIED** as to Plaintiff's Fourth Amendment excessive force claim. An order of even date consistent with this Opinion shall issue.

**IT IS SO ORDERED**, this 23rd day of September, 2013.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge